FILED
MAR - 2 2022
RORY L. PERRY II, CLERK
U.S. District Court
Southern District of West Virginia

AO 241
(Rev. 01/15)

**PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY**

| United States District Court | District: Southern |
|---|---|
| Name (under which you were convicted): Rajion Alterek Mayo | Docket or Case No.: 3:22-cv-00108 |
| Place of Confinement: Huttonsville Correctional P.O. Box 1 Huttonsville, WV 26273 | Prisoner No.: 3507501 |
| Petitioner (include the name under which you were convicted): Rajion Alterek Mayo v. | Respondent (authorized person having custody of petitioner) |
| The Attorney General of the State of: WV | |

**PETITION**

1. (a) Name and location of court that entered the judgment of conviction you are challenging: Cabell County Circuit Court Huntington, WV 25701

   (b) Criminal docket or case number (if you know): 11-F-032

2. (a) Date of the judgment of conviction (if you know): September 16, 2011

   (b) Date of sentencing: December 2, 2011

3. Length of sentence: 20 years

4. In this case, were you convicted on more than one count or of more than one crime? ☑ Yes ☐ No

5. Identify all crimes of which you were convicted and sentenced in this case: 20 years for First Degree Armed robbery and 10 to 30 years for Second Degree Murder. Same indictment number 11-F-032; but however they both are two seperate/different cases.

6. (a) What was your plea? (Check one)

   ☐ (1) Not guilty ☐ (3) Nolo contendere (no contest)

   ☑ (2) Guilty ☐ (4) Insanity plea

(b) If you entered a guilty plea to one count or charge and a not guilty plea to another count or charge, what did you plead guilty to and what did you plead not guilty to? I plead guilty to the First Degree Armed Robbery charge, and I also plead guilty to the Second Degree Murder charge.

(c) If you went to trial, what kind of trial did you have? (Check one)

☐ Jury ☐ Judge only

7. Did you testify at a pretrial hearing, trial, or a post-trial hearing?

☐ Yes ☐ No

8. Did you appeal from the judgment of conviction?

☐ Yes ☐ No

9. If you did appeal, answer the following:

(a) Name of court: N/A

(b) Docket or case number (if you know): N/A

(c) Result: N/A

(d) Date of result (if you know): N/A

(e) Citation to the case (if you know): N/A

(f) Grounds raised: N/A

(g) Did you seek further review by a higher state court? ☐ Yes ☐ No

If yes, answer the following:

(1) Name of court: N/A

(2) Docket or case number (if you know): N/A

(3) Result: N/A

(4) Date of result (if you know): N/A

(5) Citation to the case (if you know): N/A

(6) Grounds raised: N/A

(h) Did you file a petition for certiorari in the United States Supreme Court? ☐ Yes ☐ No

If yes, answer the following:

(1) Docket or case number (if you know): N/A

(2) Result: N/A

(3) Date of result (if you know): N/A

(4) Citation to the case (if you know): N/A

10. Other than the direct appeals listed above, have you previously filed any other petitions, applications, or motions concerning this judgment of conviction in any state court? ☑ Yes ☐ No

11. If your answer to Question 10 was "Yes," give the following information:

(a) (1) Name of court: Cabell County Circuit Court

(2) Docket or case number (if you know): 15-C-142

(3) Date of filing (if you know): (Pro Se) February 27, 2015 (Appointed Counsel) January 19, 2016

(4) Nature of the proceeding: Writ of Habeas Corpus

(5) Grounds raised: Disproportionate and Disparate Sentence as compared to that of my similarly situated Co-Defendant

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☑ Yes ☐ No

(7) Result: Petition Denied

(8) Date of result (if you know): May 26, 2016

(b) If you filed any second petition, application, or motion, give the same information:

(1) Name of court: Cabell County Circuit court

(2) Docket or case number (if you know): 18-C-351

(3) Date of filing (if you know): (Pro Se) June 29, 2018

(4) Nature of the proceeding: Writ of Habeas Corpus

(5) Grounds raised: Ineffective Assistance of Habeas Counsel
Errors made during my Juvenile transfer hearing

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☑ Yes ☐ No

(7) Result: Petition Denied

(8) Date of result (if you know): March 11, 2020

(c) If you filed any third petition, application, or motion, give the same information:

(1) Name of court: Cabell county Circuit court

(2) Docket or case number (if you know): 11-F-032

(3) Date of filing (if you know): N/A

(4) Nature of the proceeding: Motion For Reduction of Sentence

(5) Grounds raised: Obtaining GED
Graduate From Ashland University with an Associate's Degree
Completing classes such as: Crime Victim Awareness, Anger management, Stress management, Know Thyself, Thinking For A change, Aladrug Phase 1, 2, and 3 (Drug class) Owning Your own Business, Job Success, Olive Tree Program, AA/NA, and Hospice
Employment: Main Kitchen Worker, Janitor, Education Department (Tutor) and Yard crew.

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☐ Yes ☑ No

(7) Result: N/A

(8) Date of result (if you know): N/A

(d) Did you appeal to the highest state court having jurisdiction over the action taken on your petition, application, or motion?

(1) First petition: ☑ Yes ☐ No

(2) Second petition: ☑ Yes ☐ No

(3) Third petition: ☑ Yes ☐ No

(e) If you did not appeal to the highest state court having jurisdiction, explain why you did not:

N/A

12. For this petition, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground.

**CAUTION: To proceed in the federal court, you must ordinarily first exhaust (use up) your available state-court remedies on each ground on which you request action by the federal court. Also, if you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.**

**GROUND ONE:** Errors In Juvenile Transfer Hearing

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

1.) my juvenile transfer hearing was not held timely; 2.) The State failed to present evidence that I was a juvenile at the time of the alleged crime; 3.) The Circuit court failed to make a careful detailed analysis and review of my home, or family or school environment prior to transfer hearing; 4.) The circuit court failed to order me to undergo a psychological evaluation prior the the transfer hearing; 5) State failed to present any evidence of the first degree murder charge to support the States motion to transfer; 6.) there was no testimony regarding my rehabilitation; 7.) I had a right to confront my co-defendant

(b) If you did not exhaust your state remedies on Ground One, explain why: My attorney Timothy Rosinsky would not allow me to argue about my tranfer hearing. He stated that this transfer issue would not "fly" in court. My attorney never even filed or looked at my juvenile transfer hearing transcripts.

(c) **Direct Appeal of Ground One:**

(1) If you appealed from the judgment of conviction, did you raise this issue? ☐ Yes ☐ No

(2) If you did not raise this issue in your direct appeal, explain why: N/A

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☐ Yes ☑ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: N/A

Name and location of the court where the motion or petition was filed: N/A

Docket or case number (if you know): N/A

Date of the court's decision: N/A

Result (attach a copy of the court's opinion or order, if available): N/A

(3) Did you receive a hearing on your motion or petition? ☐ Yes ☑ No

(4) Did you appeal from the denial of your motion or petition? ☐ Yes ☑ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal? ☐ Yes ☑ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: N/A

Docket or case number (if you know): N/A

Date of the court's decision: N/A

Result (attach a copy of the court's opinion or order, if available): N/A

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

My attorney Timothy Rosinsky would not file to review my Juvenile Transfer Hearing transcripts. He would not investigate my claims. My attorney Jason Goad on appeal filed my appeal without ever meeting with me not even one time. I had no idea as to what he was filing, or doing, or what he looks like.

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground One: N/A

**GROUND TWO:** Ineffective Assistance of Counsel

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

My attorney Timothy Rosinsky refused to assert several errors that occurred during my juvenile transfer hearing on October 14, 2010. He stated that this juvenile stuff would not "fly" in court. Mr. Rosinsky failed to file or attempt to review the transcripts from my juvenile transfer hearing. He failed to even investigate my claims. He did not understand, nor believe me.

(b) If you did not exhaust your state remedies on Ground Two, explain why: N/A

(c) **Direct Appeal of Ground Two:**

(1) If you appealed from the judgment of conviction, did you raise this issue? ☐ Yes ☐ No

(2) If you did not raise this issue in your direct appeal, explain why: N/A

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☑ Yes ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: Writ of Habeas Corpus

Name and location of the court where the motion or petition was filed: Cabell County Circuit Court Huntington, WV 25701

Docket or case number (if you know): 18-C-351

Date of the court's decision: March 9, 2020

Result (attach a copy of the court's opinion or order, if available): Petition Denied

(3) Did you receive a hearing on your motion or petition? ☑ Yes ☐ No

(4) Did you appeal from the denial of your motion or petition? ☑ Yes ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal? ☑ Yes ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: Supreme Court of Appeals of West Virginia

Docket or case number (if you know): [illegible] 20-0340

Date of the court's decision: August 27, 2021

Result (attach a copy of the court's opinion or order, if available): Petition Denied

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:
N/A

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Two : N/A

**GROUND THREE:** Disproportionate Sentence to Co-Defendent

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

My Co-defendant and I were both 17 years old at the time of the First Degree Armed Robbery charges We both had the very same similar backgrounds in our juvenile records. We both used fake (pellet) guns and all of the evidence was found at his residence. I was sentenced to 20 years as an adult for my role in the crime; and my co-defendant was sentenced to 2 years as a juvenile for his role in the crime. We both were 17 years old and played the same exact role.

(b) If you did not exhaust your state remedies on Ground Three, explain why: N/A

(c) **Direct Appeal of Ground Three:**

(1) If you appealed from the judgment of conviction, did you raise this issue? ☐ Yes ☐ No

(2) If you did not raise this issue in your direct appeal, explain why: N/A

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☑ Yes ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: Writ of Habeas Corpus

Name and location of the court where the motion or petition was filed: Cabell County Circuit Court Huntington, WV 25701

Docket or case number (if you know): 15-C-142

Date of the court's decision: May 26, 2016

Result (attach a copy of the court's opinion or order, if available): Petition Denied

(3) Did you receive a hearing on your motion or petition? ☑ Yes ☐ No

(4) Did you appeal from the denial of your motion or petition? ☑ Yes ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal? ☑ Yes ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: Supreme court of Appeals of West Virginia

Docket or case number (if you know): 16-0559

Date of the court's decision: May 18, 2018

Result (attach a copy of the court's opinion or order, if available): Petition Denied

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

N/A

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Three: N/A

**GROUND FOUR:** N/A

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

N/A

(b) If you did not exhaust your state remedies on Ground Four, explain why: N/A

(c) **Direct Appeal of Ground Four:**

(1) If you appealed from the judgment of conviction, did you raise this issue? ❒ Yes ❒ No

(2) If you did not raise this issue in your direct appeal, explain why: N/A

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

❒ Yes ❒ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: N/A

Name and location of the court where the motion or petition was filed: N/A

Docket or case number (if you know): N/A

Date of the court's decision: N/A

Result (attach a copy of the court's opinion or order, if available): N/A

(3) Did you receive a hearing on your motion or petition? ☐ Yes ☐ No

(4) Did you appeal from the denial of your motion or petition? ☐ Yes ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal? ☐ Yes ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: N/A

Docket or case number (if you know): N/A

Date of the court's decision: N/A

Result (attach a copy of the court's opinion or order, if available): N/A

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

N/A

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Four: N/A

13. Please answer these additional questions about the petition you are filing:

(a) Have all grounds for relief that you have raised in this petition been presented to the highest state court having jurisdiction? ☐ Yes ☑ No

If your answer is "No," state which grounds have not been so presented and give your reason(s) for not presenting them: Ground one: Errors in Juvenile Transfer hearing- During my first Habeas corpus my attorney would not review my juvenile transfer hearing transcript, so there for he would not assert the errors. The errors were the reason I filed Ineffective assistance of counsel

(b) Is there any ground in this petition that has not been presented in some state or federal court? If so, which ground or grounds have not been presented, and state your reasons for not presenting them:

My Second Habeas Corpus was for Ineffective Assistance of Counsel for my attorney not asserting errors in my Juvenile transfer hearing for my first Habeas Corpus.

14. Have you previously filed any type of petition, application, or motion in a federal court regarding the conviction that you challenge in this petition? ☐ Yes ☑ No

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, the issues raised, the date of the court's decision, and the result for each petition, application, or motion filed. Attach a copy of any court opinion or order, if available. N/A

15. Do you have any petition or appeal now pending (filed and not decided yet) in any court, either state or federal, for the judgment you are challenging? ☑ Yes ☐ No

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues raised. Yes a Rule 35B (Reduction of Sentence) only on my First Degree Armed Robbery charges. Showing my rehabilitation.

Cabell County Circuit Court Case Number: 11-F-032
Huntington, WV 25701

16. Give the name and address, if you know, of each attorney who represented you in the following stages of the judgment you are challenging:

(a) At preliminary hearing: Abraham Saad; Glazer, SAAD, Anderson, L.C. Huntington, WV 25717 c̄ Jock Walshley; 517 9th St., Suite 100, Huntington, WV 25701

(b) At arraignment and plea: Abraham Saad; Glazer, Saad, Anderson, L.C. Huntington, WV 25717 c̄ Jock Walshley; 517 9th St, Suite 100, Huntington, WV 25701

(c) At trial: N/A

(d) At sentencing: Abraham Saad; Glazer, Saad, Anderson, L.C. Huntington, WV 25717 c̄ Jock Walshley; 517 9th St, Suite 100, Huntington, WV 25701

(e) On appeal: N/A

(f) In any post-conviction proceeding: Timothy Rosinsky; 641 6th St. Huntington, WV 25701 / Eric Anderson; Glazer, Saad, Anderson, L.C. P.O. Box 1638 Huntington, WV 25717

(g) On appeal from any ruling against you in a post-conviction proceeding: Jason Good; McClure Good PLLC 401 10th St, Suite 350 Huntington, WV 25701 / Eric Anderson; Glazer, Saad, Anderson, L.C. P.O. Box 1638 Huntington, WV 25717

17. Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging? ☐ Yes ☑ No

(a) If so, give name and location of court that imposed the other sentence you will serve in the future:

N/A

(b) Give the date the other sentence was imposed: N/A

(c) Give the length of the other sentence: N/A

(d) Have you filed, or do you plan to file, any petition that challenges the judgment or sentence to be served in the future? ☐ Yes ☐ No

18. TIMELINESS OF PETITION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2244(d) does not bar your petition.*

N/A

* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2244(d) provides in part that:

(1) A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of -

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Therefore, petitioner asks that the Court grant the following relief: To dismiss my 20 year sentence for First Degree Armed Robbery or run that sentence concurrent with my 10 to 30 year sentence for Second Degree Murder or lower 20 year sentence to 10 years.
or any other relief to which petitioner may be entitled.

_______________________________
Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Petition for Writ of Habeas Corpus was placed in the prison mailing system on 2-27-22 (month, date, year).

Executed (signed) on 2-27-22 (date).

[signature]
Signature of Petitioner

If the person signing is not petitioner, state relationship to petitioner and explain why petitioner is not signing this petition.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

Rajion Alterek Mayo,
Petitioner,

v. CASE NO. 18-C-351

Shelby Searls, Superintendent,
Huttonsville Correctional Center.

**CERTIFICATE OF SERVICE**

I, Rajion Alterek Mayo, do hereby certify that a true copy of the Petition under 28 U.S.C. 2254 For writ of Habeas Corpus by a person in state custody was served on opposing counsel by placing it in envelope(s) addressed as below, first-class postage prepaid, and giving it to prison officials on February 27th, 2022, for delivery to the U.S. Postal Service.

Clerk, United states District Court for
Southern WV
Sidney L. christie Federal Building
845 Fifth Avenue, Room 101
Huntington, WV 25701

[signature]
Signature

Rajion Mayo 3507501
Print or type name and DOC No.
Huttonsville Correctional Center
Huttonsville WV 26273

Fed.R.Civ.P., Rule 5(d)(1), (2).

Rajion Mayo 3507501
Huttonsville Correctional Center
P.O. Box 1
Huttonsville, WV 26273

US POSTAGE PITNEY BOWES
ZIP 26273 $ 001.96⁰
02 4W
0000378831 FEB 28 2022

U.S.
BY:

Clerk, U.S. District Court For Southern WV
Sidney L. Christie Federal Building
845 Fifth Avenue, Room 101
Huntington, WV 25701

